UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRITTANY ROSEBORO and<br>JOHN GLOVER, | Hon.<br>Case No. |
| Plaintiffs, | COMPLAINT AND<br>DEMAND FOR JURY TRIAL |
| v. | |
| ROCKET MORTGAGE, LLC,<br>QUICKEN LOANS, LLC, and<br>and DOES 1-5, inclusive, | |
| Defendant. | |

Ackermann & Tilajef, P.C.
Craig J. Ackermann
Brian Denlinger
315 S. Beverly Drive, Ste. 504
Beverly Hills, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
rkatri@katrilaw.com
Attorneys for Plaintiffs

**PLAINTIFFS' CLASS AND COLLECTIVE ACTION
COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiffs Brittany Roseboro ("Plaintiff Roseboro") and John Glover ("Plaintiff Glover") (together, "Plaintiffs"), individually, and on behalf of all others similarly situated, by and through their counsel, bring this Class and Collective Action Complaint against Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket"), Quicken Loans, LLC, and Does 1-5, on personal knowledge with respect to themselves and their own acts, and on information and belief as to other matters, and allege as follows:

## I.     JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA") claims pursuant to 28 U.S.C. § 1331, because Plaintiffs' assert federal claims arising under the laws of the United States.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims under the Michigan Workplace Opportunity Wage Act, MCL 408.411 et. seq. ("WOWA") pursuant to 28 U.S.C. § 1367 because Plaintiffs' claims under the WOWA are so related to Plaintiffs' federal claims that they form part of the same case or controversy between Plaintiffs and Defendant.

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events giving rise to the claims in this lawsuit occurred within this District, in Wayne County, Michigan.

## II.     THE PARTIES

2

4. Plaintiff Roseboro is a resident of Macomb County, Michigan, where she resided during the period of time relevant to this lawsuit.

5. Plaintiff Glover is a resident of Wayne County, Michigan, where he resided during the period of time relevant to this lawsuit.

6. Defendant Rocket Mortgage, LLC, is a domestic for-profit corporation incorporated under the laws of the State of Michigan and doing business in Wayne County, Michigan, and Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d) and MCL 408.932(d).

7. Defendant Rocket Mortgage, LLC is formerly known as Quicken Loans, LLC, a domestic for-profit corporation incorporated under the laws of the State of Michigan and doing business in Wayne County, Michigan, and Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d) and MCL 408.932(d).

8. The true names and capacities of the Doe Defendants sued herein as Does 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sue each such Defendant by said fictitious names. Each Defendant designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when their identities become known.

9. Each reference to "Defendant" in this Complaint is a collective reference encompassing each of the above-named Defendants.

### III.  INTRODUCTION

10. This is a class and collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiffs, individually and on behalf of all similarly situated persons employed or previously employed during the relevant period by Defendant arising from Defendant's willful violations of the FLSA, 29 U.S.C. § 201 *et seq.* overtime pay provisions and the WOWA, MCL 408.931 *et seq*. Specifically, Plaintiffs bring this action on behalf of themselves and all Michigan-based Rocket employees who, during the applicable statutes of limitations, were: (a) required to attend unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) required to first boot up and log into their computers in order to clock-in for the day; and/or (c) not compensated for working time spent in mandatory training related to their jobs with Defendant.

11. The individual and class/collective action claims are for failure to pay regular and overtime wages to employees for: (a) time spent in mandatory "pre-shift" meetings before they were permitted to clock-in for the day; (b) time spent booting up and logging into their computers before they were permitted to clock-in for the day; (c) unpaid time spent in mandatory training related to their jobs with Defendant; and (d) attorneys' fees and costs under FLSA §§ 207 and 216(b) and WOWA.

12. Plaintiffs were employed by Defendant.

13. Plaintiffs were not paid for preliminary activities which were integral and indispensable to their principal work activities, namely, time during which they had to

4

spend in mandatory "pre-shift" meetings, and to boot up their computers and proceed to the screen which allowed them to clock-in for the day. Defendant's actions were willful and in violation of the FLSA and WOWA.

14. Defendant Rocket also failed to pay Plaintiffs and the members of the class and collective action for mandatory off-the-clock training time. Defendant's actions were willful and in violation of the FLSA and WOWA.

## IV.  FACTUAL ALLEGATIONS

### A. Facts Relevant to the Mandatory "Pre-Shift" Meetings Claim

15. During the Class Period, Plaintiffs worked as non-exempt employees in Michigan.

16. During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed class/collective action.

17. As part of their job duties, Defendant's non-exempt employees were required to attend regular off-the-clock "pre-shift" meetings on a virtual daily basis with their supervisor and team, where they discussed work matters before they were permitted to clock in for their shift.

18. The team supervisor often started the "pre-shift" meetings approximately 15 minutes before the formal shift start time, but had discretion to start the meetings earlier or later.

19. The "pre-shift" meetings often extended past the formal shift start time, so that employees could not clock in until after the formal shift start time.

20. Whether the "pre-shift" meeting occurred before or after the formal shift start time, Plaintiffs and the Class and Collective members were not paid the federal or state minimum wage rate required under FLSA and under WOWA for all time worked, including time spent during the "pre-shift" meetings prior to clocking in.

21. Defendant's violations of FLSA and WOWA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiffs and the Class and Collective members were engaged in "off the clock" work-related tasks of attending the "pre-shift" meetings.

22. These "pre-shift" meetings often took place away from employees' workstations, so that they could not boot-up their computer systems until after the meeting.

### B. Facts Relevant to the "Boot-Up" and "Clock-In" Claim

23. During the Class Period, Plaintiffs worked as non-exempt employees in Michigan.

24. Plaintiffs' job duties included, *inter alia,* making outbound calls to existing and/or new mortgage customers to solicit additional business opportunities for Defendant.

25. During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed class/collective action.

26. As part of their job duties, Defendant's non-exempt employees were required to first boot up their computers, go through the company's proprietary browser and interface, and log into the payroll system before they could clock-in and officially be "on the clock" and compensated for their subsequent time.

27. This uncompensated preliminary boot-up time often took 2-10 minutes, depending on system updates and similar technological delays that occurred during the boot-up process.

28. Plaintiffs and the Class and Collective members were not paid the federal or state minimum wage rate required under FLSA and under WOWA for all time worked, including time spent during the boot-up process prior to clocking in.

29. Defendant's violations of FLSA and WOWA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiffs and the Class and Collective members were engaged in "off the clock" work-related tasks of booting up their computers and programs before they were able to electronically clock-in.

### C. Facts Relevant to the Mandatory Training Time Claim

30. As a condition of their continued employment, Plaintiffs and the Class and Collective members were required to undergo extensive training, including "banker greatness training," and were tested nearly daily during the 2-3 month "foundation" training time period on "practice or section tests." The required banker greatness training was specific to Rocket and directly related to Plaintiffs' and the Class and Collective members' jobs.

31. Plaintiffs and the Class and Collective members were required to undergo continuing periodic training during the course of their employment, and often trained off-the-clock.

32. Defendant provided Plaintiffs and the Class and Collective members with training study materials.

33. Plaintiffs and the Class and Collective members were not paid for off-the-clock training study time, even though they regularly studied off-the-clock in order to succeed on the tests and training that Defendant administered and that were a requirement of their employment.

34. Plaintiffs and the Class and Collective members are not exempt from the minimum wage and/ or overtime provisions of the FLSA.

## V. COLLECTIVE ACTION

35. Plaintiffs bring this action individually and as a collective action (commonly referred to as an "opt-in" class) for monetary relief pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Defendant Rocket willfully "suffered or permitted" the Collective members to perform labor without payment of overtime compensation at a rate of not less than one-and-one-half times their regular hourly rate of pay for hours worked in excess of forty in a week as required by federal law.

37. Plaintiffs seek to notify the following individuals at the earliest time possible of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All current and former, non-exempt, Michigan-based Rocket employees who (a) attended unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) were required to first boot up and log into their computers in order to clock-

8

in for the day, and/or (c) were not compensated for working time spent in mandatory training related to their jobs with Defendant, at any time from three years prior to opting-in through the resolution of this action (hereinafter referred to as the "Collective Action Members").

38. Plaintiffs represent those other current and former employees and act on their behalf and interests as well as their own in bringing this action. The similarly situated employees (i.e., the Collective Action Members) are known to Defendant and are readily identifiable and may be located through Defendant's personnel records.

39. Because numerous members of this Collective Action are unknown to Plaintiffs, joinder of each member is not practical.

40. Plaintiffs ask this Court to require Defendant to furnish Plaintiffs with the contact information of other similarly situated employees pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their FLSA claims.

41. Collective adjudication is appropriate in this case because the employees who Plaintiffs wish to notify of this action:

   a) Have been employed in the same or similar positions as Plaintiffs;

   b) Have performed work similar to that of Plaintiffs;

   c) Have been subject to the same policies and procedures as Plaintiffs; and

   d) Have been subject to compensation practices similar to those which form the basis of Plaintiffs' case.

## VI. CLASS ACTION

42. Plaintiffs seek to certify their state law claim arising under WOWA as a Fed. R. Civ. P. 23 class action (i.e., an "opt-out" class).

43. The class which Plaintiffs seek to certify as a class action is defined as:

All current and former, non-exempt, Michigan-based Rocket employees who (a) attended unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) were required to first boot up and log into their computers in order to clock-in for the day, and/or (c) were not compensated for working time spent in mandatory training related to their jobs with Defendant, at any time from three years prior to the filing of the Complaint through the date of certification of the Class by the Court (hereinafter referred to as the "Class Action Members").

44. Plaintiffs are members of the Class they seek to represent.

45. This action is properly maintained as a class action. The Class satisfies all of the requirements of Rule 23 for maintaining a class action.

46. <u>Numerosity</u>. The Class is so numerous that joinder of all the Class Action Members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed thousands of individuals who meet the Class Action Members definition, and who have been denied wages due to them because of Defendant's unlawful policies and practices.

47. <u>Commonality</u>. There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the Class, including but not limited to, whether Defendant:

   a. Employed Plaintiffs and the Class Action Members in positions subject to, and not exempt from, the minimum wage requirements of the WOWA;

    b. Failed to pay Plaintiffs and the Class Action Members for time spent in "pre-shift" meetings before they clocked-in;

    c. Failed to pay Plaintiffs and the Class Action Members for time spent booting up and logging into their computers before they clocked-in;

    d. Failed to pay Plaintiffs and the Class Action Members for time spent in mandatory training related to their jobs with Defendant;

    e. Whether Defendant's violations of the WOWA were willful; and

    f. The nature and extent of class-wide damages and the measure of damages for the Class Action Members.

48. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class in that they were subject to the same violations of law and seek the same type of damages and other relief on the same theories and legal grounds as the Class they seek to represent.

49. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' attorneys are competent and experienced in litigating wage and hour class actions, like this one.

50. <u>Predominance of Common Issues</u>. Class Certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

11

simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FLSA, 29 U.S.C. § 206

51. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

52. Section 206 of the FLSA requires employers to pay covered nonexempt employees a minimum rate of pay for all hours worked.

53. Plaintiffs and the Collective Action Members regularly worked time for which they did not receive the required federal minimum wage rate in violation of the FLSA.

54. Specifically, Plaintiffs and the Collective Action Members routinely worked "off the clock" when attending "pre-shift" meetings and booting up and logging into their computers before they were permitted to clock-in for the day, which were preliminary activities that were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such meeting and booting up and logging in time was done with the knowledge and/or acquiescence of Defendant. *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 839 (9th Cir. 2022) ("the answer to the question—whether booting up the computers is integral and indispensable to the employees'

customer service duties—is clear. All of the employees' principal duties require the use of a functional computer, so turning on or waking up their computers at the beginning of their shifts is integral and indispensable to their principal activities [and is therefore compensable]").

55. Defendant also failed to pay Plaintiffs and the Collective Action Members for all the time they spent in mandatory training related to their jobs with Defendant, which was also required by Defendant as a condition of their employment.

56. Plaintiffs and the Collective Action Members were regularly required to spend unpaid time studying or preparing for testing using training and study materials and programs provided by Defendant.

57. As a result, Defendant willfully failed to pay minimum wages to Plaintiffs and the Collective Action Members for: (a) all time spent in "pre-shift" meetings prior to clocking in each shift; (b) all boot-up time prior to clocking in each shift; and (c) all unpaid time spent in mandatory training and in preparation for testing related to the mandatory training.

58. As a result, Defendant willfully failed to pay minimum wages to Plaintiffs and the Collective Action Members for all hours worked "off the clock" in violation of 29 U.S.C. § 206.

59. Section 216(b) of the FLSA creates a private right of action for violations of Section 206, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee or employees affected

13

in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

60. Pursuant to 29 U.S.C. §§ 206 and 216 of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover in this action the unpaid balance of the compensation due to them, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES FOR OVERTIME HOURS WORKED IN VIOLATION OF 29 USC 207(a), 216(b)

61. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

62. Section 207 of the FLSA requires employers to pay covered nonexempt employees at the rate of 1.5 times their regular rates of pay for all overtime hours worked in excess of 40 per week.

63. Plaintiffs and the Collective Action Members regularly worked overtime for which they did not receive 1.5 times their regular rate of pay as required by the FLSA.

64. Specifically, Plaintiffs and the Collective Action Members routinely worked "off the clock" when attending "pre-shift" meetings and booting up and logging into their computers before they were permitted to clock-in for the day, which were preliminary activities that were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such meeting and booting up and logging

14

in time was done with the knowledge and/or acquiescence of Defendant, and did not receive overtime pay even when such time was in excess of 40 hours per week.

65. Defendant also failed to pay Plaintiffs and the Collective Action Members at the overtime rate of pay for the time they spent in mandatory training related to their jobs with Defendant, which was also required by Defendant as a condition of their employment.

66. Plaintiffs and the Collective Action Members were required to spend unpaid time studying or preparing for testing using training and study materials and programs provided by Defendant.

67. As a result, Defendant willfully failed to pay overtime wages to Plaintiffs and the Collective Action Members for: (a) all time spent in "pre-shift" meetings prior to clocking in each shift; (b) all boot-up time prior to clocking in each shift; and (c) all unpaid time spent in mandatory training and in preparation for testing related to the mandatory training in violation of 29 U.S.C. § 207(a).

68. Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their…unpaid overtime compensation, and in an additional equal amount as liquidated damages."

69. Pursuant to 29 U.S.C. §§ 207(a) and 216 of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover in this action the unpaid balance of

15

the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY EMPLOYEES AT THE
### STATE MINIMUM WAGE FOR ALL HOURS WORKED IN
### VIOLATION OF THE WOWA, M.C.L. § 408.414

70. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

71. Defendant has willfully violated the WOWA by failing to pay Plaintiffs and the Class Action Members the state minimum wage for all hours worked by failing to pay them for preliminary "pre-shift" meeting time, "boot-up" time, and unpaid time spent in mandatory training and in preparation for testing related to the mandatory training.

72. The time Plaintiffs and the Class Action Members spent in "pre-shift" meetings, booting up their computers prior to clocking in, and in mandatory training is compensable within the meaning of WOWA, and Defendant has not compensated Plaintiffs and the Class Action Members at the state minimum wage rate for all such time in violation of WOWA.

### DEMAND FOR JURY TRIAL

73. Plaintiffs hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on their individual, collective, and/or class-wide claims stated herein against Defendant.

## RELIEF REQUESTED

Plaintiffs, on behalf of themselves and all other members of the Class and Collective, respectfully request that this Honorable Court grant the following relief:

A. Certify this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to Plaintiffs' FLSA claims set forth herein (Causes of Action 1 and 2);

B. Certify this case as a class action pursuant to Rule 23(b)(3) with respect to Plaintiffs' state law claim (Cause of Action 3);

C. Designate Plaintiffs as the representative of the FLSA collective action and the Rule 23 class action, and undersigned counsel as class counsel for the same;

D. Order Defendant to disclose in computer format the names and addresses of all collective and class action members, and permit Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective and class action members of their rights by law to join and participate in this lawsuit;

E. Grant judgment in favor of Plaintiffs and against Defendant and award Plaintiffs and the Collective and Class Action Members the full amount of damages and liquidated damages available by law;

F. Declare Defendant violated the FLSA and the WOWA;

G. Declare Defendant's actions in violation of the FLSA and the WOWA were willful;

H. Award reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

I. Award pre- and post-judgment interest to Plaintiffs on these damages; and

J. Award such other and further relief as this Court deems appropriate.

                Respectfully submitted,

                Gregory, Moore, Brooks & Clark, P.C.
                /s/ Matthew J. Clark
                Matthew J. Clark (P76690)
                Attorney for Plaintiffs
                28 W. Adams, Ste. 300
                Detroit, MI 48226
                (313) 964-5600
                matt@unionlaw.net

Date:  August 10, 2023