UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY ROSEBORO and
JOHN GLOVER,

       Plaintiffs,

v.

ROCKET MORTGAGE, LLC,
QUICKEN LOANS, LLC, and
and DOES 1-5, inclusive,

       Defendants.

Case No. 4:23-cv-11995

Hon. F. Kay Behm

Magistrate Elizabeth A. Stafford

---

| **DEFENDANT ROCKET MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES, AND RELIANCE UPON JURY DEMAND**: |

---

Ackermann & Tilajef, P.C.
Craig J. Ackermann
Brian Denlinger
315 S. Beverly Drive, Ste. 504
Beverly Hills, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
rkatri@katrilaw.com

Attorneys for Plaintiffs

JACKSON LEWIS P.C.
Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
Attorneys for Defendant Rocket
Mortgage, LLC
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
daniel.waslawski@jacksonlewis.com

NOW COMES Defendant, ROCKET MORTGAGE, LLC, formerly known as QUICKEN LOANS, LLC, through its attorneys, and for its Answer to Plaintiffs' Complaint, states as follows:

## I.     JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. ("FLSA") claims pursuant to 28 U.S.C. § 1331, because Plaintiffs' assert federal claims arising under the laws of the United States.

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

2.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under the Michigan Workplace Opportunity Wage Act, MCL 408.411 et. seq. ("WOWA") pursuant to 28 U.S.C. § 1367 because Plaintiffs' claims under the WOWA are so related to Plaintiffs' federal claims that they form part of the same case or controversy between Plaintiffs and Defendant.

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

3.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b) because all or a substantial part of the events giving rise to the claims in this lawsuit occurred within this District, in Wayne County, Michigan.

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

## II.    THE PARTIES

4.    Plaintiff Roseboro is a resident of Macomb County, Michigan, where she resided during the period of time relevant to this lawsuit.

**ANSWER:  Defendant neither admits nor denies the allegations in this paragraph of the Complaint for lack of information to form a belief thereto.**

5.    Plaintiff Glover is a resident of Wayne County, Michigan, where he resided during the period of time relevant to this lawsuit.

**ANSWER:  Defendant neither admits nor denies the allegations in this paragraph of the Complaint for lack of information to form a belief thereto.**

6.    Defendant Rocket Mortgage, LLC, is a domestic for-profit corporation incorporated under the laws of the State of Michigan and doing business in Wayne County, Michigan, and Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d) and MCL 408.932(d).

**ANSWER:  Defendant denies that Rocket Mortgage, LLC is a domestic for-profit corporation and alternatively avers that it is a domestic for-profit limited liability company organized under the laws of the state of Michigan and doing business in Wayne County, Michigan. Defendant neither admits nor denies the remaining allegations as same call for a legal conclusion for which no answer is required.**

7.    Defendant Rocket Mortgage, LLC is formerly known as Quicken Loans, LLC, a domestic for-profit corporation incorporated under the laws of the State of Michigan and doing business in Wayne County, Michigan, and Defendant meets the definition of an "employer" for purposes of this lawsuit pursuant to 29 U.S.C. § 203(d) and MCL 408.932(d).

**ANSWER: Defendant Rocket Mortgage, LLC, formerly known as Quicken Loans, LLC, denies that it is a domestic for-profit corporation and alternatively avers that it is a domestic for-profit limited liability**

3

company organized under the laws of the state of Michigan and doing business in Wayne County, Michigan. **Defendant neither admits nor denies the remaining allegations as same call for a legal conclusion for which no answer is required.**

8.    The true names and capacities of the Doe Defendants sued herein as Does 1 through 5, inclusive, are currently unknown to Plaintiffs, who therefore sue each such Defendant by said fictitious names. Each Defendant designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when their identities become known.

**ANSWER:  Defendant neither admits nor denies the allegations in this paragraph of the Complaint for lack of information to form a belief thereto.**

9.    Each reference to "Defendant" in this Complaint is a collective reference encompassing each of the above-named Defendants.

**ANSWER: Defendant admits only that Plaintiff asserts that each reference to "Defendant" is a collective reference encompassing the above-named Defendants. Defendant denies that such pleading is proper under Rule 8 of the Federal Rules of Civil Procedure.**

## III.   INTRODUCTION

10.    This is a class and collective action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiffs, individually and on behalf of all similarly situated persons employed or previously employed during the relevant period by Defendant arising from Defendant's willful violations of the FLSA, 29 U.S.C. § 201 *et seq*. overtime pay provisions and the WOWA, MCL 408.931 *et seq*. Specifically, Plaintiffs bring this action on behalf of themselves and all Michigan-based Rocket employees who, during the applicable statutes of limitations, were: (a) required to attend unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) required to first boot up and log into their computers in order to clock-in for the day; and/or (c) not

compensated for working time spent in mandatory training related to their jobs with Defendant.

**ANSWER: Defendant admits only that Plaintiffs seek to bring this lawsuit as a collective and class action on behalf of themselves and on behalf of others under 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23. Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to collective certification under 29 U.S.C. § 216(b) or class certification under Fed. R. Civ. P. 23.**

11. The individual and class/collective action claims are for failure to pay regular and overtime wages to employees for: (a) time spent in mandatory "pre-shift" meetings before they were permitted to clock-in for the day; (b) time spent booting up and logging into their computers before they were permitted to clock-in for the day; (c) unpaid time spent in mandatory training related to their jobs with Defendant; and (d) attorneys' fees and costs under FLSA §§ 207 and 216(b) and WOWA.

**ANSWER: Defendant admits only that Plaintiffs purports to plead alleged claims as described in this paragraph of Plaintiffs' Complaint. Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to any relief whatsoever.**

12. Plaintiffs were employed by Defendant.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

13. Plaintiffs were not paid for preliminary activities which were integral and indispensable to their principal work activities, namely, time during which they had to spend in mandatory "pre-shift" meetings, and to boot up their computers and proceed to the screen which allowed them to clock-in for the day. Defendant's actions were willful and in violation of the FLSA and WOWA.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

14.     Defendant Rocket also failed to pay Plaintiffs and the members of the class and collective action for mandatory off-the-clock training time. Defendant's actions were willful and in violation of the FLSA and WOWA.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## IV.   FACTUAL ALLEGATIONS

### A.     Facts Relevant to the Mandatory "Pre-Shift" Meetings Claim

15.     During the Class Period, Plaintiffs worked as non-exempt employees in Michigan.

**ANSWER: Defendant neither admits nor denies the allegations regarding the undefined term "Class Period" for lack of information to form a belief thereto.**

16.     During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed class/collective action.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

17.     As part of their job duties, Defendant's non-exempt employees were required to attend regular off-the-clock "pre-shift" meetings on a virtual daily basis with their supervisor and team, where they discussed work matters before they were permitted to clock in for their shift.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

18.     The team supervisor often started the "pre-shift" meetings approximately 15 minutes before the formal shift start time, but had discretion to start the meetings earlier or later.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

19.     The "pre-shift" meetings often extended past the formal shift start time, so that employees could not clock in until after the formal shift start time.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

20.     Whether the "pre-shift" meeting occurred before or after the formal shift start time, Plaintiffs and the Class and Collective members were not paid the federal or state minimum wage rate required under FLSA and under WOWA for all time worked, including time spent during the "pre-shift" meetings prior to clocking in.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

21.     Defendant's violations of FLSA and WOWA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiffs and the Class and Collective members were engaged in "off the clock" work-related tasks of attending the "pre-shift" meetings.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

22.     These "pre-shift" meetings often took place away from employees' workstations, so that they could not boot-up their computer systems until after the meeting.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

**B.      Facts Relevant to the "Boot-Up" and "Clock-In" Claim**

23.      During the Class Period, Plaintiffs worked as non-exempt employees in Michigan.

**ANSWER: Defendant neither admits nor denies the allegations regarding the undefined term "Class Period" for lack of information to form a belief thereto.**

24.      Plaintiffs' job duties included, *inter alia,* making outbound calls to existing and/or new mortgage customers to solicit additional business opportunities for Defendant.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

25.      During the Class Period, Plaintiffs' job duties were similar, if not identical to, the job duties of all other nonexempt employees in the proposed class/collective action.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

26.      As part of their job duties, Defendant's non-exempt employees were required to first boot up their computers, go through the company's proprietary browser and interface, and log into the payroll system before they could clock-in and officially be "on the clock" and compensated for their subsequent time.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

27.      This uncompensated preliminary boot-up time often took 2-10 minutes, depending on system updates and similar technological delays that occurred during the boot-up process.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

28.     Plaintiffs and the Class and Collective members were not paid the federal or state minimum wage rate required under FLSA and under WOWA for all time worked, including time spent during the boot-up process prior to clocking in.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

29.     Defendant's violations of FLSA and WOWA were willful. Throughout the Class Period, Defendant knew or should have known that Plaintiffs and the Class and Collective members were engaged in "off the clock" work-related tasks of booting up their computers and programs before they were able to electronically clock-in.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

### C.     Facts Relevant to the Mandatory Training Time Claim

30.     As a condition of their continued employment, Plaintiffs and the Class and Collective members were required to undergo extensive training, including "banker greatness training," and were tested nearly daily during the 2-3 month "foundation" training time period on "practice or section tests." The required banker greatness training was specific to Rocket and directly related to Plaintiffs' and the Class and Collective members' jobs.

**ANSWER: Defendant denies the allegations in Paragraph 30 as alleged. However, in further answer to Paragraph 30, Defendant admits that Plaintiffs were required to undergo training in conjunction with their employment with Defendant.**

31.     Plaintiffs and the Class and Collective members were required to undergo continuing periodic training during the course of their employment, and often trained off-the-clock.

**ANSWER:  Defendant admits that Plaintiffs were required to undergo continuing period training during the course of their employment but denies that Plaintiffs "often trained off-the-clock."**

32.     Defendant provided Plaintiffs and the Class and Collective members with training study materials.

**ANSWER: Defendant admits the allegations in this paragraph of Plaintiffs' Complaint.**

33.     Plaintiffs and the Class and Collective members were not paid for off-the-clock training study time, even though they regularly studied off-the-clock in order to succeed on the tests and training that Defendant administered and that were a requirement of their employment.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

34.     Plaintiffs and the Class and Collective members are not exempt from the minimum wage and/ or overtime provisions of the FLSA.

**ANSWER: Defendant neither admit nor denies the allegations in this paragraph of Plaintiffs' Complaint as same calls for a legal conclusion for which no answer is required.**

## V.    COLLECTIVE ACTION

35.     Plaintiffs bring this action individually and as a collective action (commonly referred to as an "opt-in" class) for monetary relief pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**ANSWER: Defendant admits only that Plaintiffs seek to bring this lawsuit as a collective action on behalf of themselves and on behalf of others under 29 U.S.C. § 216(b). Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to collective certification under 29 U.S.C. § 216(b).**

36.     Defendant Rocket willfully "suffered or permitted" the Collective members to perform labor without payment of overtime compensation at a rate of not less than one-and-one-

half times their regular hourly rate of pay for hours worked in excess of forty in a week as required by federal law.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

37.   Plaintiffs seek to notify the following individuals at the earliest time possible of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

All current and former, non-exempt, Michigan-based Rocket employees who (a) attended unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) were required to first boot up and log into their computers in order to clock-in for the day, and/or (c) were not compensated for working time spent in mandatory training related to their jobs with Defendant, at any time from three years prior to opting-in through the resolution of this action (hereinafter referred to as the "Collective Action Members").

**ANSWER: Defendant admits only that Plaintiffs seek to bring this lawsuit as a collective on behalf of themselves and on behalf of the proposed Collective identified in this paragraph of Plaintiffs' Complaint. Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to collective certification under 29 U.S.C. § 216(b).**

38.   Plaintiffs represent those other current and former employees and act on their behalf and interests as well as their own in bringing this action. The similarly situated employees (i.e., the Collective Action Members) are known to Defendant and are readily identifiable and may be located through Defendant's personnel records.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

39.   Because numerous members of this Collective Action are unknown to Plaintiffs, joinder of each member is not practical.

11

**<u>ANSWER</u>: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

40.     Plaintiffs ask this Court to require Defendant to furnish Plaintiffs with the contact information of other similarly situated employees pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their FLSA claims.

**<u>ANSWER</u>:  Defendant admits only that Plaintiffs ask this Court for the relief requested in this paragraph of Plaintiffs' Complaint but denies that the requested relief is appropriate or warranted.**

41.     Collective adjudication is appropriate in this case because the employees who Plaintiffs wish to notify of this action:

   a)     Have been employed in the same or similar positions as Plaintiffs;
   b)     Have performed work similar to that of Plaintiffs;
   c)     Have been subject to the same policies and procedures as Plaintiffs; and
   d)     Have been subject to compensation practices similar to those which form the basis of Plaintiffs' case.

**<u>ANSWER</u>: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## VI.    CLASS ACTION

42.     Plaintiffs seek to certify their state law claim arising under WOWA as a Fed. R. Civ. P. 23 class action (i.e., an "opt-out" class).

**<u>ANSWER</u>:  Defendant admits only that Plaintiffs seeks to seek to certify their state law claim arising under WOWA as a Fed. R. Civ. P. 23 class action. Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to class certification under Fed. R. Civ. P. 23.**

43.   The class which Plaintiffs seek to certify as a class action is defined as:

All current and former, non-exempt, Michigan-based Rocket employees who (a) attended unpaid "pre-shift" meetings before they were permitted to clock-in for the day; (b) were required to first boot up and log into their computers in order to clock-in for the day, and/or (c) were not compensated for working time spent in mandatory training related to their jobs with Defendant, at any time from three years prior to the filing of the Complaint through the date of certification of the Class by the Court (hereinafter referred to as the "Class Action Members").

**ANSWER: Defendant admits only that Plaintiffs seek to bring this lawsuit as a Fed. R. Civ. P. 23 class action on behalf of themselves and on behalf of the proposed "Class" identified in this paragraph of Plaintiffs' Complaint. Responding further, Defendant denies any violation of law arising out of the facts alleged in Plaintiffs' Complaint and further denies that Plaintiffs are entitled to class certification under Fed. R. Civ. P. 23.**

44.   Plaintiffs are members of the Class they seek to represent.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

45.   This action is properly maintained as a class action. The Class satisfies all of the requirements of Rule 23 for maintaining a class action.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

46.   <u>Numerosity</u>. The Class is so numerous that joinder of all the Class Action Members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant has employed thousands of individuals who meet the Class Action Members definition, and who have been denied wages due to them because of Defendant's unlawful policies and practices.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

47.  <u>Commonality</u>. There are questions of law and fact common to the class which predominate over any questions affecting only individual members of the Class, including but not limited to, whether Defendant:

     a.  Employed Plaintiffs and the Class Action Members in positions subject to, and not exempt from, the minimum wage requirements of the WOWA;

     b.  Failed to pay Plaintiffs and the Class Action Members for time spent in "pre-shift" meetings before they clocked-in;

     c.  Failed to pay Plaintiffs and the Class Action Members for time spent booting up and logging into their computers before they clocked-in;

     d.  Failed to pay Plaintiffs and the Class Action Members for time spent in mandatory training related to their jobs with Defendant;

     e.  Whether Defendant's violations of the WOWA were willful; and

     f.  The nature and extent of class-wide damages and the measure of damages for the Class Action Members.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

48.  <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class in that they were subject to the same violations of law and seek the same type of damages and other relief on the same theories and legal grounds as the Class they seek to represent.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

14

49. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs' attorneys are competent and experienced in litigating wage and hour class actions, like this one.

**<u>ANSWER</u>:    Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

50. <u>Predominance of Common Issues</u>. Class Certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

**<u>ANSWER</u>: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## VII.   CAUSES OF ACTION

### <u>FIRST CAUSE OF ACTION</u>

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF FLSA, 29 U.S.C. § 206

51. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**<u>ANSWER</u>: Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Complaint as if fully restated herein.**

15

52.     Section 206 of the FLSA requires employers to pay covered nonexempt employees a minimum rate of pay for all hours worked.

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

53.     Plaintiffs and the Collective Action Members regularly worked time for which they did not receive the required federal minimum wage rate in violation of the FLSA.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

54.     Specifically, Plaintiffs and the Collective Action Members routinely worked "off the clock" when attending "pre-shift" meetings and booting up and logging into their computers before they were permitted to clock-in for the day, which were preliminary activities that were integral and indispensable to the principal activities they were employed by Defendant to perform, and all such meeting and booting up and logging in time was done with the knowledge and/or acquiescence of Defendant. *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 839 (9th Cir. 2022) ("the answer to the question— whether booting up the computers is integral and indispensable to the employees' customer service duties—is clear. All of the employees' principal duties require the use of a functional computer, so turning on or waking up their computers at the beginning of their shifts is integral and indispensable to their principal activities [and is therefore compensable]").

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

55.     Defendant also failed to pay Plaintiffs and the Collective Action Members for all the time they spent in mandatory training related to their jobs with Defendant, which was also required by Defendant as a condition of their employment.

16

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

56.    Plaintiffs and the Collective Action Members were regularly required to spend unpaid time studying or preparing for testing using training and study materials and programs provided by Defendant.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

57.    As a result, Defendant willfully failed to pay minimum wages to Plaintiffs and the Collective Action Members for: (a) all time spent in "pre-shift" meetings prior to clocking in each shift; (b) all boot-up time prior to clocking in each shift; and (c) all unpaid time spent in mandatory training and in preparation for testing related to the mandatory training.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

58.    As a result, Defendant willfully failed to pay minimum wages to Plaintiffs and the Collective Action Members for all hours worked "off the clock" in violation of 29 U.S.C. § 206.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

59.    Section 216(b) of the FLSA creates a private right of action for violations of Section 206, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

60.     Pursuant to 29 U.S.C. §§ 206 and 216 of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover in this action the unpaid balance of the compensation due to them, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES FOR OVERTIME HOURS WORKED IN VIOLATION OF 29 USC 207(a), 216(b)

61.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER: Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Complaint as if fully restated herein.**

62.     Section 207 of the FLSA requires employers to pay covered nonexempt employees at the rate of 1.5 times their regular rates of pay for all overtime hours worked in excess of 40 per week.

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

63.     Plaintiffs and the Collective Action Members regularly worked overtime for which they did not receive 1.5 times their regular rate of pay as required by the FLSA.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

64.     Specifically, Plaintiffs and the Collective Action Members routinely worked "off the clock" when attending "pre-shift" meetings and booting up and logging into their computers before they were permitted to clock-in for the day, which were preliminary activities that were integral and indispensable to the

18

principal activities they were employed by Defendant to perform, and all such meeting and booting up and logging in time was done with the knowledge and/or acquiescence of Defendant, and did not receive overtime pay even when such time was in excess of 40 hours per week.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

65.    Defendant also failed to pay Plaintiffs and the Collective Action Members at the overtime rate of pay for the time they spent in mandatory training related to their jobs with Defendant, which was also required by Defendant as a condition of their employment.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

66.    Plaintiffs and the Collective Action Members were required to spend unpaid time studying or preparing for testing using training and study materials and programs provided by Defendant.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

67.    As a result, Defendant willfully failed to pay overtime wages to Plaintiffs and the Collective Action Members for: (a) all time spent in "pre-shift" meetings prior to clocking in each shift; (b) all boot-up time prior to clocking in each shift; and (c) all unpaid time spent in mandatory training and in preparation for testing related to the mandatory training in violation of 29 U.S.C. § 207(a).

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

68.    Section 216(b) of the FLSA creates a private right of action for violations of Section 207, and provides, in pertinent part: "Any employer who violates the provisions of Section 206 or 207 of

this title shall be liable to the employee or employees affected in the amount of their...unpaid overtime compensation, and in an additional equal amount as liquidated damages."

**ANSWER: Defendant neither admits nor denies the allegations contained in this paragraph of Plaintiffs' Complaint as same call for a legal conclusion for which no answer is required.**

69.     Pursuant to 29 U.S.C. §§ 207(a) and 216 of the FLSA, Plaintiffs and the Collective Action Members are entitled to recover in this action the unpaid balance of the overtime compensation due to them at the rate of 1.5 times their regular rates of pay, plus an equal amount as liquidated damages and reasonable attorney fees and costs of the suit.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## THIRD CAUSE OF ACTION

## FAILURE TO PAY EMPLOYEES AT THE STATE MINIMUM WAGE FOR ALL HOURS WORKED IN VIOLATION OF THE WOWA, M.C.L. § 408.414

70.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**ANSWER: Defendant incorporates its answers to the preceding paragraphs of Plaintiffs' Complaint as if fully restated herein.**

71.     Defendant has willfully violated the WOWA by failing to pay Plaintiffs and the Class Action Members the state minimum wage for all hours worked by failing to pay them for preliminary "pre-shift" meeting time, "boot-up" time, and unpaid time spent in mandatory training and in preparation for testing related to the mandatory training.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

72.     The time Plaintiffs and the Class Action Members spent in "pre-shift" meetings, booting up their computers prior to clocking in, and in mandatory training is compensable within the meaning of WOWA, and Defendant has not compensated Plaintiffs and the Class Action Members at the state minimum wage rate for all such time in violation of WOWA.

**ANSWER: Defendant denies the allegations in this paragraph of Plaintiffs' Complaint.**

## DEMAND FOR JURY TRIAL

73.     Plaintiffs hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on their individual, collective, and/or class-wide claims stated herein against Defendant.

**ANSWER: Defendant admits only that Plaintiff demands a trial by jury.**

## GENERAL DENIAL

Except as expressly admitted herein, Defendant expressly denies any allegations in Plaintiffs' Complaint that require a responsive pleading.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant submits the following as its Affirmative and Other Defenses to the allegations contained in Plaintiffs' Complaint, but does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255, relevant Michigan law, and/or through the application of contractual limitations period. Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendant, or in reckless disregard of the requirements of the FLSA, any claims must be measured against a two-year statute of limitations.

3.      Plaintiffs' claims are barred in whole or in part because any of Defendant's actions and practices were taken in compliance with and/or as required by the laws of the United States and/or of the State of Michigan which regulated Defendant and were taken in good faith and with reasonable grounds for believing that any alleged acts or omissions were not in violation of the law.

4.      Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust applicable statutory, administrative and/or contractual procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendant.

5.      Plaintiffs' claims are barred in whole or in part because such claims have been released, waived, discharged and/or abandoned.

6.      Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction, and/or payment.

7.     Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or unclean hands.

8.     Plaintiffs' claims are barred in whole or in part because they have not sustained any damages or, if any were sustained, those damages are "*de minimis*" and therefore not actionable.

9.     To the extent Plaintiffs or any putative class or collective member engaged in allegedly compensable activities without the actual or constructive knowledge of Defendant, Plaintiff and or any putative class or collective member are not entitled to compensation for any such overtime hours worked.

10.    Even if Defendant had, in fact, failed to pay Plaintiffs for any activities alleged to be worked (which it has not), such activities were preliminary or postliminary to principal activities or do not constitute compensable work under the FLSA or Michigan Law, and, furthermore, such activities were not an integral and indispensable part of the principal activities of employment and are not compensable.

11.    To the extent that discovery reveals that Plaintiffs or any putative class or collective member falsely reported alleged hours of work and there is no evidence that Defendant required the false reporting of such hours; or there is no evidence that Defendant encouraged Plaintiffs to falsely report their hours of work; or that there is no evidence that Defendant knew or should have known that Plaintiffs were providing false information as to their hours of work, Defendant hereby invokes the

doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs.

12.     Plaintiffs' claims are barred to the extent that Plaintiffs or putative class members were exempt under Section 213 of the Fair Labor Standards Act.

13.     The activities for which Plaintiffs seek compensation were not "work" under the meaning of the FLSA or state law as some or all of the alleged "work" was not integral and indispensable to the principal activities of their employment and/or were for their own benefit or convenience.

14.     Some or all of the time Plaintiffs or any putative class or collective member spent performing uncompensated work, if any, does not count as hours worked or compensable time to the extent that (a) any activities performed were not suffered or permitted; (b) the time was commuting, travelling, walking, or waiting time that is excluded from hours worked; (c) the time was preliminary or postliminary time that is excluded from hours worked; (d) the time is *de minimis* time that is excluded from hours worked; (e) the time is otherwise excluded from hours worked under the Portal-to-Portal Act and related provisions; (f) the time is non-compensable under relevant custom and practice; and/or (g) the alleged work or activities did not occur or were not actually conducted.

15.     To the extent Defendant is found liable for any unpaid wages or other amounts, Defendant claims a credit or setoff for (a) all amounts actually paid to

Plaintiffs or any putative class or collective member; (b) all amounts advanced or paid in excess of that to which Plaintiffs or any putative class or collective member was legally entitled; (c) all amounts paid at premium rates that were not calculated as part of their regular rates; (d) all times that Plaintiffs or any putative class or collective member reported or claimed as work time that s/he did not in fact work; (e) all amounts of time to which Plaintiffs or any putative class or collective member was not entitled under the relevant wage statutes; (f) all other amounts or time that Plaintiffs or any putative class or collective member received or took to which Plaintiffs or any putative class or collective member were not entitled, if any, and (g) all other amounts that may be lawfully deducted from any amount awarded to Plaintiffs or any putative class or collective member under the FLSA and/or any other applicable law.

16.    The claims of Plaintiffs and/or members of the putative class or collective are barred, in whole or in part, by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

17.    Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and Michigan law, including but not limited to for amounts overpaid to Plaintiffs or any putative class or collective member.

18.    Plaintiffs' claims are barred in whole or in part because Defendant fulfilled all obligations it may have had to Plaintiffs, and Defendant owes no further obligations to Plaintiffs.

19.    Plaintiffs' claims are barred in whole or part to the extent that Plaintiff seeks to recover "gap time."

20.    Plaintiffs' claims under the Michigan law are barred to the extent that Plaintiffs seek to recovery anything other than "unpaid minimum wage."

21.    Plaintiffs' claims are barred in whole or in part to the extent Defendant made complete and timely payments of all wages due to Plaintiffs and the putative class and collective members as required by law.

22.    This case may not be maintained as a collective action because Plaintiffs are not similarly situated within the meaning of the FLSA to any other individual they purport to represent.

23.    This case is not appropriate for class or collective treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs respectively and to the purported class and collective action members and it cannot be demonstrated that a collective or class action is superior to other methods available for adjudicating any controversy.

24.    Plaintiffs have failed to and cannot satisfy the requirements for maintenance of a class action, including, without limitation, with respect to

demonstrating ascertainability, numerosity, commonality, typicality, and adequacy, predominance or superiority, and public policy considerations do not favor the certification of Plaintiffs' proposed class. Further, adjudication of Plaintiffs' claims as a class action would violate Defendant's right to Due Process and a jury trial and is barred by the Rules- Enabling Act, 28 U.S.C. § 2072.

25.     To the extent any members of the putative class or collective have signed a release and/or waiver encompassing claims alleged in the Complaint or a contractual waiver or agreement contrary to their claims herein, their claims are barred by that release, waiver or agreement.

26.     Plaintiffs' claims are barred in whole or in part because they have not appropriately or adequately mitigated their alleged damages or otherwise avoided harm.

27.     Because liability and/or damages, if any, to Plaintiffs and each member of the putative class or collective they purport to represent may not be determined by a single jury and/or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendant's due process rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

28.     Plaintiffs' claims for overtime under the FLSA are barred as a matter of law during any workweeks in which Plaintiffs or any other putative class or collective member did not work in excess of 40 hours per week.

29.     Some or all of Plaintiffs' claims are barred to the extent they executed a release of claims releasing some or all of the claims pled in this case.

30.     Defendant reserves the right to amend its Answer to add additional or other defenses as they may become known through discovery.

Defendant reserves the right to amend its Answer to add additional or other defenses as they may become known through discovery.

## RELIANCE UPON JURY DEMAND

Defendant, by and through its counsel, hereby relies upon Plaintiffs' jury demand and demand for itself a trial by jury on those claims that may be tried by a jury.  Defendant objects to a jury trial on any claims that are not entitled to a jury trial.

## RELIEF REQUESTED

Wherefore, Defendant requests that this Court deny Plaintiffs the relief requested; dismiss the Complaint in its entirety with prejudice; and award Defendant its costs and attorneys' fees incurred in defending against this action, plus any other relief, legal or equitable, this Court deems appropriate.

Respectfully submitted:

JACKSON LEWIS P.C.

By:  /s/ Allan S. Rubin
Allan S. Rubin (P44420)
Daniel C. Waslawski (P78037)
Attorneys for Defendant
Rocket Mortgage, LLC
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
daniel.waslawski@jacksonlewis.com

Dated:   October 16, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of October, 2023, he did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

Dated:  October 16, 2023                  /s/ Allan S. Rubin
                                          Allan S. Rubin