UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| BRITTANY ROSEBORO and JOHN GLOVER,<br><br>Plaintiff(s),<br>v.<br><br>ROCKET MORTGAGE, LLC, QUICKEN LOANS, LLC, and DOES 1-5, inclusive,<br><br>Defendant(s) | Case No. 23-11995<br><br>F. Kay Behm<br>U.S. District Judge |
|---|---|

## CASE MANAGEMENT ORDER (PHASE I)

| **EVENT** | **DEADLINE** |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26 (a)(1): | Completed |
| Deadline to Amend Pleadings: | March 29, 2024 |
| Lay Witness List | July 19, 2024 |
| Exhibit List | July 19, 2024 |
| Expert Witness List/Disclosures/Report - Plaintiff | July 19, 2024 |
| Expert Witness List/Disclosures/Report - Defendant | August 16, 2024 |
| Rebuttal reports are due: | August 30, 2024 |
| Fact Discovery | August 30, 2024 |
| Expert Discovery | August 30, 2024 |

| EVENT | DEADLINE |
|---|---|
| Status Conference (to be held at the midpoint of fact discovery): | May 23, 2024 at 10:00 a.m. |
| Plaintiffs' Motion for Notice of Collection Action | August 30, 2024 |
| Defendants' Opposition to Plaintiffs' Motion for Notice of Collection Action | October 4, 2024 |
| Plaintiffs' Reply in Support of Motion for Notice of Collection Action | October 18, 2024[1] |

1. **LOCAL COUNSEL**

An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's office at (313) 234-5000.

2. **DISCOVERY**

Discovery must be served sufficiently **in advance** of the discovery cutoff so

---

[1] Per the parties' Rule 26(f) report, if Plaintiffs' Motion for Notice of Collective Action is granted, the parties agree that the court should schedule a status conference regarding additional discovery and dispositive motions. If Plaintiffs' Motion for Notice of Collective Action is denied, the parties agree any remaining discovery should be completed by the parties within sixty (60) days after the court issues its decision, but the parties reserve the right to seek additional time if necessitated by the court's order.

as to allow the opposing party sufficient time **to respond** under the Federal Rules of Civil Procedure prior to the close of discovery.  The Court will not order discovery to take place after the cutoff date.  **PLEASE NOTE:** Unless otherwise ordered, the Court issues a global referral of all discovery matters to the assigned Magistrate Judge.  Before moving for an order relating to discovery, the movant should consult with the assigned Magistrate Judge's chambers on its discovery motion procedures.   Discovery must be served sufficiently in advance of the discovery cutoff to allow the opposing party enough time to respond under the Federal Rules of Civil Procedure prior to the discovery deadline.  All discovery motions must be filed prior to the discovery deadline.  The only discovery that may be conducted after the discovery cutoff date without leave of the Court is discovery ordered by the Magistrate Judge for which a timely-filed motion was pending before the discovery cutoff date.

For discovery matters addressed by Judge Behm, a movant must first confer with opposing counsel and then file a request for a conference with the Court, stating that a conference was held with opposing counsel, and outlining the nature of the unresolved dispute.  *See* Fed. R. Civ. P. 16 (b)(3)(B)(v).  Sanctions may be imposed against any party who unreasonably refuses to resolve a discovery dispute.

3. **EXTENSIONS OF TIME**

Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court, provided the extension of time does not affect the motion cutoffs, final pretrial conference, or trial dates.  Extensions or adjournments of dates other than the discovery cutoff will be considered upon the filing of a motion or stipulation setting forth in detail the factual basis for the request.

4. **BRIEFING GUIDELINES AND REQUIREMENTS**

The Court does not ordinarily set a briefing schedule for motions.  Unless specifically addressed in the Court's Notice of Hearing, the time limits prescribed in Local Rule 7.1(e) apply for filing responses and replies to motions.  Sur-replies are generally not permitted.  Requests for extensions of time may be made by filing a concise stipulation and order explaining the specific reasons why such an extension is necessary.  Such a stipulation and order must be filed at least one week before a brief is due.

All briefs shall strictly comply with Local Rules 5.1 and 7.1.  The Court does not routinely grant requests to file longer briefs.  Requests to file an oversized brief may be made by filing a concise stipulation and order or *ex parte* motion explaining the specific reasons why such an extension is necessary.  Such a

4

stipulation and order or *ex parte* motion must be filed <u>at least one week before</u> a brief is due.

**5.      COURTESY COPIES**

A courtesy copy of all motions and briefs including exhibits must be sent to the chambers via First-Class Mail the same day the document is e-filed, or hand-delivered not later than the next business day after the document is e-filed.  The courtesy copy should consist of the actual e-filed document and contain the electronic file stamp on the top of each page.  The courtesy copy **must** be bound on the left side in a book-style manner.  The Court will not accept documents loosely secured with a rubber band or binder clip.  Exhibits must be labeled and may be printed double sided.  **Relevant portions of exhibits must be highlighted.**

**6.      NOTICE TO COURT OF RESOLUTION OF MOTION**

If the parties have resolved an issue that is the subject of a pending motion, the parties must notify chambers in writing by the next business day.  The parties email e-mail the Court's Case Manager indicating that the issue has been resolved and that the parties no longer wish to move forward with the motion.

**7.      CASE EVALUATION/FACILITATION**

Parties may stipulate to case evaluation or mediation or request a settlement conference with the Court at any time.  In all cases, a brief status

conference will be conducted shortly after the close of discovery to discuss settlement options.

## 8. REQUIREMENTS APPLICABLE TO ALL MOTIONS

The Court requires strict compliance with E.D. Mich. LR 7.1(a), which obligates moving parties to seek concurrence before filing any motion. A moving party must certify compliance with this obligation by setting forth in the <u>first</u> paragraph of <u>every</u> motion one of the following statements or one substantially similar:

(a) The undersigned counsel certifies that counsel <u>personally</u> spoke to, or met with, opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

(b) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

(c) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and <u>three business days</u> have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

(d) The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. [Set forth the exceptional circumstances with specificity.]

6

The above statements shall be modified appropriately where one or more parties is unrepresented.  **The failure to certify compliance with this paragraph will result in the motion being stricken.**

**SO ORDERED**.

Dated:  February 12, 2024                     <u>s/F. Kay Behm</u>
                                                                  F. Kay Behm
                                                                  United States District Judge