UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY ROSEBORO and
JOHN GLOVER,

        Plaintiffs,

v.

ROCKET MORTGAGE, LLC,
QUICKEN LOANS, LLC, and DOES
1-5, inclusive,

        Defendants.

Case No. 2:23-cv-11995
Hon. F. Kay Behm
Magistrate Elizabeth A. Stafford

---

Ackermann & Tilajef, P.C.
Craig J. Ackermann
Brian Denlinger
315 S. Beverly Drive, Ste. 504
Beverly Hills, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
rkatri@katrilaw.com

Attorneys for Plaintiffs

JACKSON LEWIS P.C.
Allan S. Rubin (P44420)
Benjamin D. Wu (P85635)
Jennell K. Shannon (MN No. 0398672)
(*admitted to practice in E.D. Mich.*)
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
benjamin.wu@jacksonlewis.com
jennell.shannon@jacksonlewis.com

Attorneys for Defendants

## UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT

Plaintiffs Brittany Roseboro and John Glover, jointly by and through their attorneys, file this Unopposed Motion seeking entry of proposed Order Approving FLSA Settlements, attached hereto as Exhibit A, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreements; and (iii) dismisses this action with prejudice as to named Plaintiffs' claims and without prejudice as to the claims of the putative FLSA collective/class members, and without further costs or fees to any party. In support of this Unopposed Motion, Plaintiffs state as follows:

On August 10, 2023, Plaintiffs filed their Complaint, initiating this action on behalf of themselves and all other persons similarly situated, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and under Michigan law hereinafter referred to as "Plaintiffs' Lawsuit"). [ECF No. 1]. Defendants filed their Answer on October 16, 2023, pursuant to which they denied the allegations in Plaintiffs' Complaint and asserted twenty-nine (29) affirmative defenses. [ECF No. 6]. No class has been certified, and notice has not been provided to any putative collective members.

After appearance of Defendants' Counsel and throughout the balance of 2023, the Parties held multiple meet and confer conferences during which they discussed, among other things: the viability of Plaintiff's claims, pay and timekeeping data, and potential resolution.

Ultimately, the Parties decided to settle Plaintiffs' individual claims, with dismissal without prejudice of the claims brought on behalf of a putative FLSA collective/class members, as each party believe that settlement would be in their best interest. The Parties now seek this Court's approval of the Parties' Settlement Agreement and dismissal of the case with prejudice.

The Parties agree that the negotiated voluntary compromise is appropriate because the Parties recognize the costs and their respective risks associated with proceeding with lengthy, expensive, and contentious litigation. The detailed and material terms of the Settlement Agreement are discussed in the attached Brief in Support of the Unopposed Motion to Approve FLSA Settlement.

The Settlement Agreements provide that Defendants shall pay each Plaintiff a settlement payment, which is inclusive of: (i) monetary payments to Plaintiffs; and (ii) payment for Attorneys' Fees and Costs (as approved by this Court). The Settlement Agreements are attached as Exhibits B & C.

The Parties agree that the Settlement Agreement is a fair and reasonable resolution and compromise of a *bona fide* dispute over issues arising under Plaintiffs' FLSA claims.

Plaintiffs respectfully request this Court approve the Parties' Settlement Agreements in their entirety and dismiss this case with prejudice as to named Plaintiffs' claims and without prejudice as to the claims of the putative FLSA

collective/class members, and without any costs or fees to any party, except as provided in the Settlement Agreements.

WHEREFORE, Plaintiffs move this Court for entry of the proposed Order Approving Settlement Agreement, attached hereto as Exhibit A, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreements; and (iii) dismisses this action with prejudice as to named Plaintiffs' claims and without prejudice as to the claims of the putative FLSA collective/class members, and without further costs or fees to any party.

Dated: June 20, 2024                    Respectfully submitted,


                                        /s/ Matthew J. Clark
                                        Gregory, Moore, Brooks & Clark, P.C.
                                        Matthew J. Clark (P76690)
                                        28 W. Adams, Ste. 300
                                        Detroit, MI 48226
                                        (313) 964-5600
                                        matt@unionlaw.net

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY ROSEBORO and
JOHN GLOVER,

      Plaintiffs,

v.

ROCKET MORTGAGE, LLC,
QUICKEN LOANS, LLC, and DOES
1-5, inclusive,

      Defendants.

Case No. 4:23-cv-11995
Hon. F. Kay Behm
Magistrate Elizabeth A. Stafford

**BRIEF IN SUPPORT
OF UNOPPOSED
MOTION FOR
APPROVAL OF FLSA
SETTLEMENT**

---

Ackermann & Tilajef, P.C.
Craig J. Ackermann
Brian Denlinger
315 S. Beverly Drive, Ste. 504
Beverly Hills, CA 90212
(310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

Law Offices of Raphael A. Katri, APC
Raphael A. Katri (P86186)
8549 Wilshire Blvd., Ste. 200
Beverly Hills, CA 90211
(310) 940-2034
rkatri@katrilaw.com

Attorneys for Plaintiffs

JACKSON LEWIS P.C.
Allan S. Rubin (P44420)
Benjamin D. Wu (P85635)
Jennell K. Shannon (MN No. 0398672)
(*admitted to practice in E.D. Mich.*)
2000 Town Center, Suite 1650
Southfield, Michigan 48075
(248) 936-1900
allan.rubin@jacksonlewis.com
benjamin.wu@jacksonlewis.com
jennell.shannon@jacksonlewis.com

Attorneys for Defendants

# **TABLE OF CONTENTS**

FACTUAL BACKGROUND ................................................................................1

I.  Introduction ...................................................................................1

II.  Settlement Terms and Documents ...................................................2

LAW AND ARGUMENT .................................................................................2

I.  The Settlement is a Fair and Reasonable Resolution of a Bona Fide

Dispute. ..........................................................................................2

A.  The Complexity, Expense, and Likely Duration of Continued Litigation

Favor Approval ................................................................................5

B.  The Risks of Litigation Favor Approval.................................................8

C.  Investigation Was Sufficient to Allow the Parties to Act Intelligently .....9

D.  Counsel and Named Plaintiffs Favor the Agreement .................................9

E.  No Indicia of Fraud or Collusion Exists .................................................10

II.  Plaintiff's Counsel's Request for Fees and Costs is Reasonable and

Appropriate in this Case.......................................................................10

A.  The Court Should Adopt the Percentage Approach. ...............................11

B.  The Ramey Factors ...........................................................................12

CONCLUSION ...............................................................................14

## **STATEMENT OF QUESTION PRESENTED**

Should this Court approve the Settlement Agreements between Parties as fair and reasonable and dismiss this case with prejudice?

Plaintiffs' Answer: Yes.

Defendants' Answer:  Yes. This Motion is unopposed.

## **Controlling Authorities**

*In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984).

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

29 U.S.C. §201, et seq.

## FACTUAL BACKGROUND

### I.    Introduction

On August 10, 2023, Plaintiffs Brittany Roseboro and John Glover ("Plaintiffs") filed their Complaint, seeking damages for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Workforce Opportunity Wage Act, MCL §408.414 (hereinafter referred to as "Plaintiffs' Lawsuit"). [ECF No. 1].  In general, Plaintiffs allege that Rocket Mortgage, LLC and Quicken Loans, LLC ("Defendants") violated the FLSA and Michigan law by failing to pay Plaintiffs for all hours worked, including overtime. Plaintiff initially plead this as a collective action under 29 U.S.C. 216(b) and a Rule 23 class action. But no Motion for Notice or Motion for Certification of a Class has been filed and no collective has been "certified."[1]

Defendants filed their Answer on October 16, 2023, denying the allegations in Plaintiff's Complaint and asserted twenty-nine (29) affirmative defenses. [ECF No. 6].  Thereafter, the Parties held multiple meet and confer conferences during which they discussed, among other things: the viability of Plaintiff's claims, the voluntary exchange of pay and timekeeping data to analyze the potential damages,

---

[1] Until a class has been certified under Rule 23(c) following a rigorous analysis under Rule 23(a) and (b), there is no class. *Wayside Church v Van Buren Co*, 23-1471, 2024 U.S. App. LEXIS 13791, at *17 (6th Cir. June 6, 2024).

and the possibility of exploring resolution via direct negotiations or with the assistance of a mediator.

Ultimately, the Parties decided to settle Plaintiffs' individual claims, with dismissal without prejudice to the claims on behalf of the putative collective/class members, would be in the best interests of Plaintiffs and Defendants.

## II.     Settlement Terms and Documents

Plaintiffs submit the following settlement documents for the Court's approval or entry:

Exhibit A:    (Proposed) Order Approving FLSA Settlement

Exhibit B:    Brittany Roseboro Settlement Agreement

Exhibit C:    John Glover Settlement Agreement

If approved by the Court, the Agreement will cover Plaintiffs' claims only — no collective or class claims are covered by the Settlement Agreements. (Exh. B, C).

The Gross Settlement Amount is inclusive of payment for: (i) monetary payments to Plaintiffs; and (ii) payment for Attorneys' Fees and Costs (as approved by this Court). Copies of the respective Settlement Agreements are attached as Exhibit B & C.

## <u>LAW AND ARGUMENT</u>

## I.     The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute.

The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn. Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same)); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required); *Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964-65 (E.D. Mich. 2021) (collecting cases). But in this district, it is generally accepted in that "[j]udicial approval of settlement agreements in FLSA cases is necessary for an agreement to be enforceable." *Zambrano v. Motorcity Burger Co*., 2017 WL 1477111, at *2 (E.D. Mich. Apr. 25, 2017); *see also, Cruz v. Don Pancho Mkt., LLC*, 2016 W.L. 4531142, at *2 (W.D. Mich. Aug. 23, 2016) (internal citation omitted).[2]

---

[2] A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys*., 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp*., 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v.*

"Before approving a private FLSA settlement, the court 'must scrutinize the proposed settlement for fairness and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Darling v. Dow Chem. Co.*, No. 1:22-cv-13093, 2023 U.S. Dist. LEXIS 218105, at *4 (E.D. Mich. Dec. 7, 2023) (citing *Williams v. K&K Assisted Living LLC*, No. 2:15-CV-11565, 2016 U.S. Dist. LEXIS 9310, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016); *Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 U.S. Dist. LEXIS 99960, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015). A bona fide dispute has to do with "whether some issue of the employer's liability is "actually and reasonably in dispute." *Athan v United States Steel Corp*, 523 F Supp. 3d 960, 965 (E.D. Mich.

------

*Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). The Sixth Circuit has not decided the issue. One district court in this Circuit has reached the persuasive conclusion that Court approval is not required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022); *see also Alcantara v. Duran Landscaping, Inc.*, No. 2:21-cv-03947, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022). But other courts in this Circuit, have regularly found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth Circuit addresses the issue, out of an abundance of caution, Plaintiffs believe, and Defendants concur, that it appropriate to submit this settlement for approval. However, neither Plaintiffs nor Defendants concede that such approval is required. And no judicial approval is necessary to approve the settlement of claims brought under Michigan law.

4

2021), citing, *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 U.S. Dist. LEXIS 2989, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015). Here the parties agree that a bona fide dispute exists as to both liability and damages.

To determine whether a proposed settlement is fair and reasonable, the court may consider several factors:

> (1) The plaintiff's range of possible recovery;
>
> (2) The extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;
>
> (3) The seriousness of the litigation risks faced by the parties;
>
> (4) Whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and
>
> (5) The possibility of fraud or collusion.

*Id.* (citing *Walker v. Ryan Transp.*, No. 2:20-CV-11688, 2021 U.S. Dist. LEXIS 111688, 2021 WL 2786547, at *2 (E.D. Mich. June 15, 2021) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012))).

The district court may choose to "consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case." *IUE-CWA v. General Motors Corp.,* 238 F.R.D. 583, 594-95 (E.D. Mich. 2006). As shown below, the standard supports the Settlement's approval.

### A. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval

Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming, and the range of recovery can vary greatly based on evidence of willfulness and, where, as here, a plaintiff alleges off-the-clock work, a plaintiff's evidentiary support for such work and a defendant's knowledge of the purported off-the-clock work are substantial issues.

Here, while Plaintiffs allege they had 2-10 minutes of boot-up time per shift that was not compensated by Defendants—and that they were also not compensated for time spent attending mandatory pre-shift meetings and time spent in mandatory training related to their jobs—Plaintiffs do not know if the putative FLSA collective/class members are similarly situated and had unpaid boot-up, pre-shift meeting, and mandatory training time during their employment with Defendants.

Contrary to Plaintiffs claims, Defendants deny Plaintiffs off-the-clock work allegations, allege they do not require off-the-clock work, or that there was a common pattern or practice of requiring putative FLSA collective/class members to perform work off-the-clock, and the Sixth Circuit has said that off-the-clock claims that are under 10 minutes per day are *de minimis* (although other circuits have disagreed).[3] Further, even if Plaintiffs could succeed on the merits (which Rocket

---

[3] *Compare Franklin v. Kellogg Co.,* 619 F.3d 604, 620 (6th Cir. 2010) (finding that donning and doffing a uniform and equipment was both integral and indispensable to the job, meaning under the "continuous workday rule," the employees might be

Mortgage contends Plaintiffs cannot), Rocket Mortgage asserted that Plaintiffs would not be able to prove a willful violation of the law, and thus, no wages would be owed for the third year of the three-year limitations period. In addition, the Parties disagree as to: (i) whether collective certification would be granted; (ii) whether liquidated damages would be awarded; and (iii) whether Plaintiffs could establish an underlying violation of the FLSA.  Thus, a bona fide dispute exists as to both liability and damages which these Settlements resolves.

---

entitled to payment for post-donning walking time, but remanding to the district court for further consideration as to whether such walking time is *de minimis*: "Because there are questions of fact as to the length of time it took her to walk from the changing area to the time clock and whether that time was *de minimis*, however, we reverse and remand to the district court for further consideration of this issue."); *Lacy v. Reddy Elec. Co.*, 2013 U.S. Dist. LEXIS 97718, at *19-20 (S.D. Ohio July 11, 2013) ("If the time spent on the activities at issue is *de minimis*, then the time is not compensable even if the activities are integral and indispensable to the job the employee was hired to perform.... In addition, if the time spent on the principal activity is *de minimis*, the 'continuous workday' rule is not triggered.... In *Lindow*, the court noted that, although there is no bright line rule, generally 'daily periods of approximately ten minutes' are considered *de minimis*.") (citing *Rutti v. Lojack Corp., Inc.*, 596 F.3d 1046, 1057 (9th Cir. 2010); *Singh v. City of New York*, 524 F.3d 361, 371 n.8 (2d Cir. 2008); *Lindow v. United States*, 738 F.2d 1057, 1062 (9th Cir. 1984)); *Wilson v. Peckham, Inc.*, 2021 U.S. Dist. LEXIS 138338, at *20-21 (W.D. Mich. July 26, 2021) (finding: it "would be administratively difficult to record the amount of time required for the bootup and login process for each individual, on a daily basis, which favors [the employer]," that "the most important factor" is "the size of the claim in the aggregate"; and that "a delay of up to 60 minutes would not be de minimis" but that the employer "may be correct" that a 5 minute boot-up delay is de minimis) *with Peterson v. Nelnet Diversified Sols., LLC*, 15 F.4th 1033, 1043-49 (10th Cir. 2021) (declining to apply the *de minimis* doctrine to approximately two minutes spent on an off-the-clock activity in light of the other *de minimis* factors).

And if forced to litigate this case further, the Parties would engage in complex, costly, and protracted discovery. The Parties would also need to engage in extensive briefing and/or oral argument regarding notice, decertification, and summary judgment. Discovery would be expensive and time consuming given the continued factual and legal disputes between the Parties. The Settlements, on the other hand, provide prompt, efficient, and substantial relief to Plaintiffs.

### B.    The Risks of Litigation Favor Approval

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). Given the factual and legal complexity of this matter, it is difficult to assess Plaintiffs' likelihood of success at trial. Plaintiffs' claims are based on disputed issues of fact and law and Plaintiffs' success at trial is far from guaranteed. In sum, although Plaintiffs assert that the claims are meritorious, the Defendant denies it engaged in wrongdoing. Thus, the action is not without risk. See Section I.A, n.2. This factor thus weighs in favor of approval.

Counsel for both Parties believe in the merits of their respective clients' positions, but nonetheless recognize that litigation is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendants raise multiple affirmative defenses to Plaintiffs' claims, including that any off-the-clock time is *de minimis*, and the outcome of those defenses is uncertain as well. Continued litigation would

8

be risky for all and at each stage, including notice, decertification, summary judgment, and trial.

Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. Additionally, a jury could find that Defendants acted in good faith, and thus not award any liquidated damages. Any of these scenarios could result in a monetary award of less than the amount obtained through these Settlements.

### C.   Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlements. Substantial discovery was exchange and all aspects of the dispute are well-understood, and the Settlements were competently negotiated by both sides.

### D.   Counsel and Named Plaintiffs Favor the Agreement

The endorsement of experienced counsel "is entitled to significant weight, and supports the fairness of the [] settlement." *UAW v. Ford Motor Co.*, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, Plaintiffs' Counsel believes the settlement is fair, reasonable, and adequate. Plaintiffs' Counsel has extensive experience in wage-and-hour class and collective actions, has acted in good faith, and has vigorously represented their client in negotiating the Settlements. The Named Plaintiffs have been fully informed and involved in the settlement process and agree to the Settlements. *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F.

Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

## E.     No Indicia of Fraud or Collusion Exists

Absent evidence to the contrary, "the court may presume that no fraud occurred and that there was no collusion between counsel." *Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008). Here, there is no evidence of fraud or collusion. Rather, the Parties' respective counsel has extensive experience litigating claims under the FLSA. In fact, Plaintiffs are represented by two firms, one from Michigan and one from California with extensive employment law experience. The Settlements were achieved after arms-length and good faith negotiations between the Parties. And the Settlements bind no one but Plaintiffs.

## II.     Plaintiff's Counsel's Request for Fees and Costs is Reasonable and Appropriate in this Case.

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  An award of attorneys' fees to a prevailing Plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

When assessing the reasonableness of a fee award, district courts engage in a two-part analysis. *See In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp.2d 752, 760 (S.D. Ohio 2007). First, the district court determines the method for calculating fees: either the percentage of the fund approach or the lodestar approach. *Id.* (citation omitted). Second, the court must analyze the six factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). *Id.*

### A.   The Court Should Adopt the Percentage Approach.

In the Sixth Circuit, district courts may award fees based on either the "percentage-of-the-fund" or "lodestar." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F.Supp.2d at 761. This flexible approach allows the Court to account for the unique and varied circumstances present in each action.

The "percentage approach is 'the most appropriate method for determining reasonable attorneys' fees' in wage and hour cases." *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, *4 (S.D. Ohio Sept. 20, 2019) (*quoting Swigart v. Fifth Third Bank*, 2014 WL 3447947, *5-6 (S.D. Ohio July 11, 2014)). "Absent compelling reasons to the contrary," courts apply the percentage method in wage and hour cases, "as it best reflects FLSA's employee-protection objective." *Dewald v. Time Warner Cable Inc.*, 2021 U.S. Dist. LEXIS 32459, *16 (S.D. Ohio Feb. 16, 2021). "While the lodestar approach incentivizes attorneys to work more hours . . . the percentage approach instead 'rewards counsel for success and penalizes it for

11

failure.'" *Id.* As such, absent compelling reasons to the contrary, the percentage method is "preferred." *Arp v. Hohla & Wyss Ents., LLP*, 2020 U.S. Dist. LEXIS 207512, at \*3 (S.D. Ohio Nov. 5, 2020); *Wise v. Popoff*, 835 F. Supp. 977, 980 (E.D. Mich. March 25, 1993) ("[F]ee awards in common fund cases generally are calculated as a percentage of the fund created, with the percentages awarded typically ranging from 20 to 50 percent . . . ."); *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, \*8 (N.D. Ohio Sept. 20, 2019) (stating "33% is typical for attorney's fees in common fund, FLSA collective actions in this District..."). Here, the Court should use the preferred method in this district and award a percentage-of-the-fund.

## B.    The *Ramey* Factors

To ensure a fee is reasonable, courts also analyze the six factors set forth by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). The *Ramey* factors include: (1) the value of the benefits rendered; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. There is not a formula for weighing the factors. *See NorCal Tea Party Patriots v. Internal Revenue Serv.*, 2018

WL 3957364, *1 (S.D. Ohio Aug. 17, 2018). Moreover, "the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F.Supp.2d at 764. Here, each of these factors weighs in favor of granting the requested fees and costs.

First, Plaintiffs' counsel's work resulted in a benefit to the Plaintiffs. Both Plaintiffs will receive a Settlement payment that has been negotiated to reflect the Parties' value of Plaintiffs' disputed claims. These are payments that Plaintiffs probably could not have obtained on their own. *Id.*

Second, Plaintiffs' Counsel litigated this matter on a wholly contingent basis with no guarantee of recovery.  This supports the proposed fee award.

The Court should also be aware that Plaintiffs' Counsel's work does not end at settlement approval. Plaintiffs' Counsel frequently spends additional time, dealing with Plaintiffs' inquiries, administration issues, and other post-approval matters, and such additional work is expected in this case.

To date, Plaintiffs' Counsel has incurred 186.36 hours and $131,931.50 in lodestar time attorneys' fees, and $3,483.91 in out-of-pocket litigation costs. Thus, it is anticipated that at the conclusion of this case, that Plaintiffs' Counsel will have accumulated fees in excess of those paid for by the Settlements.

Third, and finally, Plaintiffs and Defendants are represented by experienced counsel. All counsel are highly qualified and have substantial experience in federal courts and class and collective action litigation. Counsels' professional skill and standing support approving the fee.

For these reasons, the Court should determine that the requested fees and costs are reasonable and approve the request for attorneys' fees in the amount of $12,322.60 ($6,161.30 per Plaintiff).

## CONCLUSION

WHEREFORE, Plaintiffs moves this Court for entry of the proposed Order Approving Settlement Agreements, attached hereto as Exhibit A, which: (i) grants this motion; (ii) approves the Parties' Settlement Agreements; (iii) dismisses this action with prejudice as to the named Plaintiffs' claims and without prejudice as to the claims of the putative FLSA collective/class members; and (iv) without further costs or fees to any party.

Dated: June 20, 2024

/s/ Matthew J. Clark
Gregory, Moore, Brooks & Clark, P.C.
Matthew J. Clark (P76690)
28 W. Adams, Ste. 300
Detroit, MI 48226
(313) 964-5600
matt@unionlaw.net

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2024, I electronically filed a copy of the foregoing. Notice of this filing will be sent to all parties via the Court's electronic filing system. Parties may access the filing through the Court's system.

*/s/ Matthew J. Clark*
Matthew J. Clark